CHARLES CHRISTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26867.   Promulgated May 18, 1931.

*H. L. Washington, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies and imposed delinquency penalties for the years 1919 and 1920, in the respective amounts of $3,876.62 and $969.15, and $6.19 and $1.55. The petitioner alleges that the Commissioner has erroneously disallowed a deduction from gross income in 1919 of $3,000 as ordinary and necessary expenses for that year. A second allegation of error was abandoned at the hearing and only one question is submitted to the Board.

The petitioner is a resident of Wichita, Kans. In the taxable year he was engaged in the business of acquiring, developing, operating, and selling oil properties. In 1919 he was the owner of oil leases on certain contiguous, undeveloped lands in Butler County, Kansas, all of a total area approximating 700 acres. On October 29, 1919, he entered into an agreement with one C. J. Skirvin, a driller of oil wells on contract, for drilling an oil well on a designated block of his property to the depth of 2,750 feet. Under the terms of such agreement the driller was to be paid $3,000 when the well was completed to a depth of 1,500 feet. When the depth of 2,500 feet was reached the petitioner was to deposit an additional $3,000 in escrow in a certain bank and when the well was completed to 2,750 feet, the money so deposited was to be paid to the driller. It was also provided that when the well was completed to specified depths or to producing sands, the petitioner would assign to the driller undivided half interests in certain blocks or tracts of lands covered by oil and gas leases. In the event of the discovery of oil the agreement provided for operating, production and a division of expenses and profits between the petitioner and the driller. In the written instrument evidencing the agreement the petitioner and the driller are designated as assignor and assignee and their signatures as such are affixed thereto.

The well provided for by the agreement was drilled and the payments aggregating $6,000 were made by the petitioner to the driller within the year 1919. The petitioner filed no income-tax return for such year. In the return made out for him by the Deputy Collector, the amount of $3,000 was deducted from gross income as an ordinary and necessary expense and has been allowed by the Commissioner. The petitioner now claims an additional deduction of $3,000 on the same basis. In his answer the respondent denies that the second $3,000 was paid in 1919. At the hearing the petitioner adduced persuasive and convincing evidence that the entire amount of $6,000 was paid as claimed in such year. The respondent failed to rebut such evidence with the testimony of witnesses or to weaken it by cross-examination. We are satisfied that petitioner paid Skirvin

$6,000 in 1919 for the purposes set out in the agreement and so find as a matter of fact.

Proof of the payment of $6,000 to Skirvin, under the terms of the agreement, however, falls far short of establishing petitioner's contention that such amount is deductible from his gross income for 1919 as ordinary and necessary expenses. The respondent allowed one-half of such payments as a deduction in his original determination of the deficiency, but at the hearing he was permitted to amend his answer to aver that even if the entire amount was paid as alleged by the petitioner the disbursement was a capital expenditure and not deductible from income for Federal tax purposes and to move to increase the deficiency accordingly.

The purpose of the contract was to secure producing oil wells on leases owned by the petitioner. Such leases, of course, are capital assets and it is almost elementary that amounts expended to increase the value of such property are capital expenditures. In *Consolidated Mutual Oil Co.*, 2 B. T. A. 1067, we held that costs of redrilling and deepening oil wells on the property of the taxpayer could not be deducted from income as ordinary and necessary expenses. See also, *Seletha O. Thompson*, 9 B. T. A. 1342. In *Old Farmers Oil Co.*, 12 B. T. A. 203, the taxpayer sought to include the cost of completed wells in the basis for determining gain or loss from the sale of the property and was sustained by the Board. Nonproductive wells, however, are not regarded as adding value to the property developed, and article 223 of Regulations 62 provides that the taxpayer may elect to charge out the cost thereof and deduct it from gross income, as a development expense or capitalize the same as in case of productive wells. In the case at bar the record wholly fails to establish the exception which would entitle the petitioner to make such election. In our opinion no part of the payment of $6,000 made under the terms of the well-drilling agreement or assignment is deductible from petitioner's gross income for the year 1919. In the recomputation of the deficiency and penalty for such year, under Rule 50, the amounts asserted will be increased in conformity with the motion of the respondent and our conclusion above set forth.

At the hearing the petitioner abandoned his allegations of error as to the taxable year 1920. The deficiency and penalty for that year will be redetermined in the amounts asserted by the respondent.

Since the petitioner offered no evidence in extenuation of his failure to file income-tax returns for either of the years under review, the respondent's determination of delinquency penalties is affirmed.

*Decision will be entered under Rule 50.*