## P-M-K. Petroleum Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 50576, 54779.   Promulgated October 19, 1931.

*L. P. Donovan, Esq.*, and *W. B. Finley, C. P. A.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

Van Fossan: The first issue here presented was fully considered by the Board in *A. T. Jergins Trust*, 22 B. T. A. 551, where we held that expenditures for fuel, wages, repairs, hauling, etc., in connection with the drilling of oil and gas wells are capital expenses recoverable through depreciation rather than depletion. The contention of petitioner as to this group of expenditures is sustained.

The second item presented is the cost of shooting certain wells, petitioner here contending that the item should be charged to operation expenses rather than capital and in support of its position points to article 242, Regulations 74. We see no parallelism between the situation in the instant case and that of the development of an ore mine, which is the subject of article 242. Nor are we impressed by petitioner's attempt to distinguish these costs from other capital expenditures. In our opinion the shooting of an oil well is clearly one of development, preliminary to operation as a producing well and the costs of this operation should be capitalized. Indeed, the stipulated fact is that the shooting of the wells occurred " before the same were placed on production." The respondent is affirmed in his treatment of this item.

The third issue submitted is the classification of expenditures incurred in pulling rods and tubing, recupping the working barrels and cleaning out wells to restore such wells to original production. It is stipulated that these operations occur after a well is in commercial production and are required periodically. In our opinion these expenditures are related to operation rather than development. They are normal current expenses of producing oil from proven wells and should be charged to operating expense. Cf. *Libby & Blouin, Ltd.*, 4 B. T. A. 910; *Hawaiian Sugar Co.*, 13 B. T. A. 683.

*Decision will be entered under Rule 50.*