Vinton Petroleum Company of Texas, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 46744, 54650, 64156.   Promulgated June 27, 1933.

*W. A. Bolinger*, *Esq.*, and *L. J. Benckenstein*, *Esq.*, for the petitioner.

*F. B. Schlosser*, *Esq.*, for the respondent.

OPINION.

SMITH: The principal issue is whether depletion allowance to be deducted by this taxpayer should be 27½ per centum of the combined gross income from the several properties (as the petitioner contends), or whether the depletion allowance should be computed separately for each property (as the respondent contends). Section 204 (c) (2) of the Revenue Act of 1926, and section 114 (b) (3) of the Revenue Act of 1928 are the same, and are as follows:

In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

By section 234 (a) (8) of the Revenue Act of 1926, " the Commissioner with the approval of the Secretary " is authorized to prescribe rules and regulations under which the depletion allowance is to be made. Article 221 of Regulations 69 reads as follows:

ART. 221. *Depletion in the case of oil and gas wells.*—Under section 204 (c) (2), in the case of oil and gas wells, a taxpayer may deduct for depletion an amount equal to 27½ per cent of the gross income from the property during the taxable year, but such deduction shall not exceed 50 per cent of the net income of the taxpayer (computed without allowance for depletion) from the property. In no case shall the deduction computed under this paragraph be less than it would be if computed upon the basis of the cost of the property or its value at the basic date, as the case may be. In general, " *the property,*" as the term is used in section 204 (c) (2) and this article, *refers to the separate tracts or leases of the taxpayer.* [Italics supplied.]

On brief the respondent points out that:

The Commissioner's interpretation of the word " property " is first set forth in Article 221 of Regulations 69, supra, and is repeated in Article 241 of Regulations 74, supra, promulgated under the Revenue Act of 1928. If his interpretation in the first instance had not been expressive of the intent of Congress, it would seem that an appropriate change would have been made in the Revenue Act of 1928. None having been made, it must follow that Congress placed its stamp of approval on the Commissioner's interpretation of the statute. *National Lead Company* v. *United States,* 40 Sup. Ct. 237; 252 U.S. 140.

The petitioner argues that the respondent interpreted the provisions of the Revenue Act of 1924 with respect to depletion and depre-

ciation as embracing all the properties of the taxpayer, calling attention specifically to article 201 of Regulations 65. It is to be noted, however, that throughout this article the term " property " is used in the singular, and from a reading of that and subsequent articles of Regulations 65, interpreting the statute, the Board construes the article as treating each property separately. This construction is fully supported by article 219, which begins:

To each return made by a person owning or operating oil or gas properties there should be attached a statement showing for each property the following information, which may be given in the form of a table, if desired, by taxpayers owning more than one property: * * *

Then follows an enumeration of the information required for each property.

In *United States* v. *Dakota-Montana Oil Co.*, 288 U.S. 459, the Supreme Court said:

* * * The earlier acts provided that depletion should be allowed on the basis of cost unless the taxpayer was the discoverer of the well upon an unproven tract, in which case the basis was the "value of the property" at the time of the discovery or within 30 days thereafter. See No. 215, *Palmer* v. *Bender*, decided January 9, 1933. But the "discovery value" provision was eliminated from the Act of 1926, which is applicable here, and the taxpayer was permitted to calculate depletion on the basis of cost alone [§204 (c)] or else to deduct an arbitrary allowance, fixed by the statute, without reference to cost or discovery value, at 27½% of gross income from the well.

After reviewing the earlier statutes and the interpretative regulations, the Court said:

* * * The administrative construction must be deemed to have received legislative approval by the reenactment of the statutory provision, without material change. No. 80, *Murphy Oil Co.* v. *Burnet*, decided December 5, 1932; *Brewster* v. *Gage*, 280 U.S. 327, 337.

The facts show that the petitioner has consistently treated the several properties involved as separate and independent of each other in accounting for its operations on each property. The respondent computes the depletion allowance in accordance with the petitioner's bookkeeping and his own regulations. We believe an analysis of the respondent's computation for 1927 will show that he has properly applied the statute. The gross income from the 37 wells on the Gray leasehold was $755,292.52 and the respondent allowed depletion of $207,705.44, which is less than 50 percent of the net income from " the property " and greater than the allowance would have been upon the basis of cost. The gross income from the four producing wells on the Harmony leasehold was $25,584.81, but 27½ percent of the gross income ($7,035.82) from that property being more than 50 percent of the net income of the taxpayer from the property, the allowance was restricted to 50 percent of the net income

or $1,840.05. The gross income from the eight producing wells on the "Rescue 40" leasehold was $75,181.53, but since there was no net income from that property the 27½ percent rate cannot apply, however, "in no case shall the depletion allowance be less than it would be if computed without reference to" section 204 (c) (2), therefore the respondent has allowed depletion on the basis of cost (section 204 (c) and (a)). The allowances with respect to the Rescue and Gulf Coast properties were similarly computed. We believe the respondent has computed a reasonable allowance for depletion and his determination is sustained.

On brief the petitioner states that:

In view of the decision of the Supreme Court of the United States in the case of *United States* v. *Dakota-Montana Oil Co.*, 77 L. Ed. 585, decided March 13, 1933, the petitioner waives its second alternative contention, viz, that respondent erred in refusing to allow it depreciation of intangible well costs originally capitalized under its system of bookkeeping and for which it annually claimed and was allowed by respondent a deduction for all years previous to 1928.

That decision is dispositive of the question of depreciation of intangible well costs, where there has been an arbitrary allowance at the rate of 27½ percent of the gross income from the property. But, as shown above, that arbitrary allowance cannot apply to some of the properties operated by this taxpayer. The petitioner has failed, however, to segregate the claimed depreciation of such intangible well costs, and we cannot determine what portion, if any, is not comprehended by the 27½ percent depletion allowance with respect to some properties. In these circumstances, no allowance should be made for the depreciation of intangible well costs.

The remaining issue, in the alternative, is the petitioner's claim to the deduction of the expenditures in the respective taxable years for the labor cost of drilling wells. Such expenditures have been consistently capitalized by the petitioner. We have held that such expenditures are capital expenditures and not deductible as ordinary and necessary business expenses. See *Charles Christy*, 23 B.T.A. 300; *P-M-K Petroleum Co.*, 24 B.T.A. 360; *California Coast Oil Co.*, 25 B.T.A. 902. That being the case, and in view of the fact that such capital expenditures are returnable through depletion, the petitioner's alternative contention must fail.

Since the respondent erred in allowing the deduction, from gross income of 1927, of $31,363.09 representing the depreciation of intangible well costs (*United States* v. *Dakota-Montana Oil Co.*, *supra*), the respondent's motion for an increased deficiency for 1927 is granted, provided any such increase results on the redetermination of the deficiency.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*