CONSUMERS NATURAL GAS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66870. Promulgated July 24, 1934.

*Joseph C. White, Esq.*, for the petitioner.

*J. E. Marshall, Esq., Frank B. Schlosser, Esq.*, and *E. G. Sievers, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $886.16 for the calendar year 1929. The facts in this proceeding have been stipulated and may be summarized as follows:

The petitioner owned and operated an interest in a gas-producing property on the outskirts of Watkins Glen, New York. It also owned pipe lines and other necessary equipment with which it transported the gas produced by it from this property to consumers. The book values of its mains, pipes, and meters used in transporting and selling the gas were as follows at the end of 1929:

| | |
|---|---|
| Gas mains | $44,993.28 |
| Service pipes | 5,200.89 |
| Meters | 14,283.78 |

The distances which the gas was transported varied from less than one mile to more than five miles. The petitioner was engaged solely in the business of producing, transporting, and selling natural gas. During 1929 it sold to consumers 88,568,000 cubic feet of gas, which it had produced and transported to them, and received for this gas $63,104.40. Expenses incurred and depreciation sustained by the petitioner in 1929 in producing, transporting, and selling this gas amounted to $32,217.60. It claimed on its return a deduction of $13,793.01 for depletion. The Commissioner allowed a deduction for depletion of $6,623.93, being 50 percent of $13,247.87, the net income from the property before deducting depletion (gross income of $31,832.22 less deductions of $18,584.35). He followed article 221 (*i*) of Regulation 74.

The petitioner here contends that it is entitled to deduct $15,443.40 for depletion for 1929, being 50 percent of its net income before deducting any depletion. The figure used to represent net income is the difference between the total income of the corporation received from consumers and all deductions to which it is entitled except

that for depletion. The Commissioner contends, however, that income and deductions not directly related to producing gas must be eliminated in computing the deduction for depletion.

Section 23 of the Revenue Act of 1928 provides that in computing net income certain deductions shall be allowed including, in the case of gas wells, a reasonable allowance for depletion to be made under rules and regulations of the Commissioner. Sec. 23 (1). It also provides that the basis for depletion shall be as provided in section 114. Sec. 23 (m). Subsection (b) of section 114 is headed "Basis for depletion." It contains paragraph (3), which is in part as follows:

PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property * * *.

Article 221 of Regulations 74 provides that:

* * * If the oil and gas are not sold on the property but are manufactured or converted into a refined product or are transported from the property prior to sale, then the gross income shall be assumed to be equivalent to the market or field price of the oil and gas before conversion or transportation. * * * In cases where the taxpayer, in addition to producing oil and gas, engages in additional activities such as operating refineries and transportation lines, depreciation, taxes and such expenses as overhead which can not be directly attributed to any specific activity, shall be allocated to the production of oil and gas on the basis of the ratio which the operating expenses and development expenses (if the taxpayer has elected to deduct development expenses) directly attributable to the production of oil and gas bear to the taxpayer's total operating expenses and development expenses.

This particular taxpayer was engaged not only in producing gas, but also in transporting and selling that gas. It had assets used exclusively in transporting and measuring the gas for sale to consumers. Depreciation on those assets has been allowed, but they are not subject to depletion. The Commissioner has apparently allocated to the transportation and sales part of the business of this taxpayer a part of its income and a part of its deductions, and has computed the deduction for depletion using only income and deductions directly related or properly allocable to the production part of the business. The petitioner does not attack the method of allocation or the figures used by the Commissioner, but contends that "gross income" means all of the income received by it from the sale of its natural gas and, therefore, no segregation is proper.

The deduction allowed by the statute is based upon *income from the property*. It is 27½ percent of the gross, provided it does not exceed 50 percent of the net before deducting depletion. The words "the property" clearly refer to the particular property which is being depleted, and income from the property means only income

derived from the operation which is depleting that property. *Darby-Lynde Co.* v. *Alexander*, 44 Fed. (2d) 186; affd., 51 Fed. (2d) 56; certiorari denied, 284 U.S. 666; *Vinton Petroleum Co. of Texas* v. *Commissioner*, 71 Fed. (2d) 420, affirming 28 B.T.A. 549; *Macon Oil & Gas Co.*, 23 B.T.A. 54. This percentage allowance is an arbitrary one and might have been based upon a taxpayer's income from all sources. Instead it is to be computed upon income from the property subject to depletion. Consequently, all income and deductions from or properly allocable to other sources must be eliminated in computing the deduction for depletion. *Brea Canon Oil Co.*, 29 B.T.A. 1134; *Signal Gasoline Corp.*, 30 B.T.A. 568. Since this taxpayer had other assets and other parts of its business which it operated profitably, the Commissioner should have eliminated the income and deductions properly allocable thereto. He allowed a deduction for depreciation on the assets used in transporting and selling the gas and there was no reason to allow another deduction based upon income from the use of those assets, particularly where the deduction would be for depletion and those assets were not being depleted. Congress must have intended the deduction to be as uniform as possible, yet the interpretation contended for by the petitioner would permit a producer to increase his deduction over that of his neighbor by using the gas to engage in some related business whereby he obtained additional income. Examples might be multiplied to show the unreasonableness of such an interpretation. The income of this taxpayer in excess of the value of the gas at the well was not income from the property within the meaning of section 114 (b) (3).

*Decision will be entered under Rule 50.*