LOMITA GASOLINE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44093, 54950, 61165.  Promulgated November 6, 1935.

*A. Calder Mackay, Esq.,* and *Thomas R. Dempsey, Esq.,* for the petitioner.

*Ralph E. Smith, Esq.,* and *E. G. Sievers, Esq.,* for the respondent.

SMITH: The only question presented by these proceedings is whether the petitioner is entitled to deduct from gross income of each or any of the years in question an allowance for depletion of properties, and, if so, the amount thereof. The respondent has made no allowances for depletion and in those returns where the petitioner claimed a deduction representing an allowance for depletion the respondent has disallowed such deduction. The basis of the respondent's action was that the petitioner had no depletable interest in the properties. On brief he contends that if the petitioner should be held to be entitled to the deduction of an allowance for depletion it has not proven the amount to which it is entitled.

The applicable provisions of the Revenue Act of 1926 are as follows:

SEC. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(8) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the Commissioner with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee.

SEC. 204. (c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(2) In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

Section 234 (a) (8) of the Revenue Act of 1926, under deductions allowed corporations, is the same as section 214 (a) (9).

The applicable provisions of the Revenue Act of 1928 are substantially the same as those of the Revenue Act of 1926 quoted above.

The petitioner, in support of its contention that it is entitled to a deduction from gross income representing an allowance for depletion, relies upon *Signal Gasoline Corporation* v. *Commissioner*, 66 Fed. (2d) 886. The facts in that case showed that the Signal Gasoline Corporation had made a cash investment in

certain casinghead gasoline contracts and had also issued shares of its stock in the acquisition of other contracts. The court held therefore that the corporation was entitled to a deduction from gross income of a reasonable amount representing an allowance for depletion. The case was remanded to this Board and on reconsideration this Board held (30 B.T.A. 568) that there was no evidence before it to prove that the royalties paid by the Signal Gasoline Corporation were less than the fair market value of the wet gas at the mouth of the well. For lack of evidence the determination of the respondent that the Signal Gasoline Corporation was not entitled to the deduction of an allowance for depletion was affirmed. On appeal to the Circuit Court of Appeals for the Ninth Circuit the decision of the Board in that case was affirmed, 77 Fed. (2d) 778. In the course of its opinion the court stated:

In view of the fact that under the existing law the depletion allowance is fixed at an arbitrary figure of 27.5% the importance of selecting the right base on which this allowance is to be made is of the utmost significance. The theory upon which a fixed percentage is allowed for depletion is that the mineral product to be mined or produced when still in the ground has a value of 27.5% of its value when mined or produced. Consequently the 27.5% represents a return of capital while the balance represents income to the taxpayer subject to the usual deductions in determining the net income. *The difficulty in the case at bar arises from the fact that the wet gas produced and processed by the petitioner and by Holly Oil Company under a contract with petitioner was subject to the payment by petitioner of royalties* to the owner of the wells for the product at the time it was produced and manufactured into dry gas and gasoline. It is apparent that if the petitioner's contract was such that it was required to pay the full market value of the wet gas as it was produced by the wells it had no capital investment in the well or in the oil content of the land and had no advantage over a manufacturer who bought his wet gas on the market other than the exclusive right to the product of the particular wells from which it derived the gas. In such a case where the manufacturer pays to the owner or lessee of the oil land the full market value of the wet gas at the time it is turned over to the manufacturer at the mouth of the well, the entire capital investment in the wet gas belongs to the owner of the land, or lessee, and by reason of the production of the wet gas from the land his capital was depleted by an amount which Congress had arbitrarily fixed at 27.5% of the value of the wet gas at the surface. The person who paid the market price to the lessee or owner would suffer no diminution of capital investment in the oil or gas in place under such circumstances. If we assume, however, that the petitioner by reason of his favorable contract with the producer secures the wet gas when produced at a fraction of its market price at the time it is produced, say one-half for the purpose of illustration, it is clear that petitioner to that extent (50%) would have his interest in the wet gas in place in the land reduced by one-half of the amount produced. In such a case it is clear that the allowance for depletion should be equally divided between the owner or lessee and the petitioner. *If the relationship between the owner or lessee and the petitioner involves a payment of less than 100% of the market value of the wet gas at the surface, then by as much as the petitioner owns a fractional portion of the market value of the wet gas when produced, its capital investment is*

*depleted by 27.5% of that amount. For illustration, if the amount agreed to be paid is two per cent less than the market price of wet gas, the petitioner would be entitled to a depletion allowance of 27.5% of two per cent, that is, .55% of the market value of the wet gas at the surface before the manufacturing process or separation has taken place.* [Italics supplied.]

The court further stated:

Since the taxpayer is seeking a deduction for depletion from its otherwise taxable income, the burden of proof is upon it not only to prove that it is entitled to the deduction but also to prove the correct amount thereof. \* \* \*

The petitioner has gone to great pains to show its profits from the manufacture and sale of casinghead gasoline as distinguished from its profits from the sales of dry gas. It contends that the excess of the amount realized from the sale of casinghead gasoline over the royalties paid represents depletion sustained in the taxable years. It contends that the production of casinghead gasoline is not a manufacturing process. There is no merit in this contention. See *Signal Gasoline Corporation* v. *Commissioner, supra.*

Since the petitioner has not met the burden of proof of showing a reasonable allowance for depletion, if it might be entitled to any such allowance, the determinations of the respondent are approved. Cf. *Brea Canon Oil Co.* v. *Commissioner,* 77 Fed. (2d) 67; certiorari denied, 296 U. S. 604; *Hurley* v. *United States,* decided by the District Court for the Northern District of Oklahoma and reported at 10 Fed. Supp. 365.

*Judgment will be entered for the respondent.*